Our third case for this morning is United States v. Barrios-Ramos. Mr. Glasman. May it please the Court, my name is Vadim Glasman. I am here on behalf of the defendant-appellant Miguel Salvador Barrios-Ramos. Your Honors, this case raises the issue of whether the government's failure to include a mens rea element of conspiracy in the indictment is an error that is so obviously defective as to not charge the offense by any reasonable construction. Ultimately requiring the conviction on count one to be vacated and dismissed with prejudice. The main point of our position, Your Honors, is that by failing to include the word knowingly when alleging that Mr. Barrios conspired is a fatal flaw. How can you conspire without knowing? Your Honor. I mean, what's the meaning of the word conspire in your view? I agree with you that inherently in conspire you have to knowingly, but you have to look- But doesn't that answer your entire argument? If part of the word conspire incorporates a knowing requirement, in other words, it's just you can't conspire without knowing that you're doing it, then why is this indictment faulty? Your Honor, it's faulty because the language in the indictment is what's presented to a grand jury as opposed to what is- without knowing that they're doing it. Because, Your Honor, the word conspire has less certainty to its definition than the other words. That's why I invited you to give me a definition that somehow excludes the idea of knowing. If I may go by way of- Can you do that? I can go by way of example, Your Honor. Well, give me a definition. Your Honor, the definition is that you agree with persons to do an unlawful act. And how do you agree without knowing? Then that's my point, Your Honor, is because the word agree, when you read that and when a grand jury reads that, they understand that there's a knowing element. But my position is that the laypersons that comprise a grand jury will not necessarily know what conspire means. Conspire is more of a legal term. Then, counsel, why would the remedy for this be dismissal with prejudice after a conviction and without any objection having been made in the district court? This is an eminently fixable kind of problem if there was any confusion, right? It is, Your Honor, but you don't need to show prejudice to the defendant in order for there to be a reversal or a vacation of the conviction, Your Honor. Why not? Because the reason here is-  It's not waived because we have a pellet review that it's a stricter standard because it wasn't raised at the district court level. And that standard is that it's so obviously defective as to not charge the offense by any reasonable construction. And to amount to a miscarriage of justice in plain error. So explain to me how this is a miscarriage of justice. Because of the confusion when it comes to the word conspiracy.  Who's confused? I mean, you keep saying that, but I can't figure out who's confused. Your Honor, the way a layperson takes the word conspire, in the jury instruction for 5.808B, there's a second portion- And you're not attacking the jury instructions, as I take it. No, I'm not. They're perfectly fine. They clarify for the pettit jury. Your position seems to be that an indictment has to include not just statutory language, statutory elements, but also the explanations in jury instructions. I think it goes on a case-by-case basis depending on the words used. So sometimes that's going to be true. If you look at the cases the government cited in their brief, and it's in Dixon and Smith and Garcia Geronimo, and they use words like carry or employ or dispose of. And those are more commonly used terms that a grand jury or the laypersons that comprise a grand jury can understand. They know that there's a knowing or intentional element in those. What reading level or vocabulary level do you think the average jury collectively has? I don't think- I mean, it's pretty low if they don't know the word conspire. All they have to do is watch a few TV shows. I'm not saying they don't know the word conspire. Yes, you did. You said they've never heard of the word conspire. I'm saying they don't know the definition of it the way that lawyers and judges know the definition of it, Your Honor. Even if you look at- But all they have to know is that you can't do it inadvertently. You have to do it knowingly. Exactly. And because the jury instruction clarifies that for a petite jury, the indictment should clarify it for a grand jury. There's a reason the knowingly element isn't even in 5.09 jury instruction as to the definition of conspiracy. It's in the actual jury instruction as to you have to knowingly- I have the exact language, Your Honors- knowingly became a member of the conspiracy with an intent to advance the conspiracy. And that's part of 5.08B, not 5.09 where it's the definition of conspiracy. And that's added in there to get rid of any of the confusion. I'm not saying laypersons don't know the word conspire. Is it correct here that we're talking about an operation where the periodic shipments were between 100 and 500 kilograms of cocaine? I don't remember. That's what the government has told us in its brief. Then yes, Your Honor. And there's no challenge to proof here. No, the only challenge is the language of the indictment. So is the theory that it was a miscarriage of justice because the defendant might have been accidentally, inadvertently involved in running a conspiracy with hundreds of kilograms of cocaine at a time? Is that what this is about? The miscarriage of justice here is because we don't know exactly what evidence was presented to the grand jury in order for them to return an indictment. And we have to make sure- Because, of course, you can't get a conviction until the trial jury has decided beyond a reasonable doubt. So there's a school of thought that says the grand jury errors wash out. Well, Your Honor, the purpose of the grand jury is to put a barrier between prosecutors and potential defendants. Right, you don't go forward without probable cause. And it's already easy for them to obtain a grand jury indictment. And by omitting knowingly and not specifically telling the grand jury the defendant must knowingly conspire, they're getting rid of an element that people in the grand jury may think differently of. We could see that in the landscape now. I want to preface this by saying that has nothing to do with my political views. But you have, as an example, a presidential candidate who employed people who allegedly worked for the foreign government. And you have a big portion of the population that is arguing that this presidential candidate conspired with the foreign nation. And you have another big portion saying they don't. And that's what I'm saying is the divide with not knowingly or not knowingly is part of it, Your Honor. It's a more confusing word, I believe, than carry or employ or dispose of, as the government points out in their brief. Well, you're focusing more on the objective of what they were conspiring about. So if you add, as I know, it says six counts of drug and gun crimes. Was he convicted of any gun crimes? Yes, Your Honor. Counts four. Count four was consecutive. Okay. So I'm trying to find a way around conspire. You know, conspire to do something else. And you have a conspiracy. Maybe the object of that conspiracy was something, and I don't know what a hypothetical is. You've got certainly if it's guns and heroin and what is it, $10 million or something? Pretty big. But there may be something that you could say conspire to do what. But conspire requires other people. And if you say the other people were supposed to do something different than what he got convicted of, I don't know. I'm sort of groping around here to see if there's some way to say conspire is other than what it says. I know my time is up, but just briefly. It's not other than what it says. So we make sure that the persons that comprise the grand jury completely understand what the definition of is in the legal landscape. Thank you, Your Honor. Okay, thank you. Ms. Palmici. Okay, please, Court. Good morning. Your Honor, there is no other definition of conspiracy that does not include the requirements of knowledge and intent. That is the definition of conspiracy that's accepted in the case law, that's contained in the jury instructions. It is what the word means. Now, I recall, correct me if I'm wrong, this indictment tracked the language of 846? Yes, it did, Your Honor. It did. And it's not necessary for an indictment to spell out all the elements, to use any particular words, to state explicitly what it could convey implicitly, or to define every term it contains. Those aspects of indictment writing, they don't exist. What happened here is that the indictment charged, tracking the language of the statute, charged all of the elements of the offense and did so in a way that was not only not defective, but was certainly not so defective as to fail to charge the offense. So it's at your position, actually, that if you charged that he knowingly conspired, you'd be introducing redundancies into the indictment? I think it would be redundant, but I don't think it would be objectionably so. I don't think it would create confusion here necessarily, but it is not necessary. And is this the typical way this office charges conspiracies, just saying so-and-so conspired? I believe so, Your Honor. Did conspire is the typical language that is used. And so there you have it. And, of course, as Judge Hamilton points out, the particular facts of this case indicate that there is no possible way that there is any potential problem with failure of notice or anything else given. Well, you can't say something like unknowingly conspired, can you? There's no such thing. That would negate the term conspired. Well, that's the point. Exactly. You can't unknowingly conspire. Exactly right, Judge Manion, exactly right, because conspire includes the knowledge and intent aspect by its very nature, by its very definition. So for that reason, the government does ask that the court affirm the defendant's conviction and sentence. All right. Thank you very much. Anything further, Mr. Glossman? No, Your Honor. All right. Thank you to both counsel then, and we will take this case under advisement. Thank you.